IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN G. JOHNSON,

                    Petitioner,                                OPINION AND ORDER

    v.

                                                               21-cv-112-wmc

MATTHEW MARSKE,

                    Respondent.

---

Petitioner John G. Johnson, who was previously a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief pursuant to 28 U.S.C. § 2241.  In his petition before this court, Johnson is asking that the court ensure that the Bureau of Prisons ("BOP") apply all good time credits to his sentence.  He filed his petition on February 16, 2021, representing that at that time, he had submitted a Regional Administrative Remedy related to his request for application of good time credits and was waiting for a response.  (Dkt. #1, at 5.)  Johnson represents that if his credits had been appropriately applied pursuant to the First Step Act, 18 U.S.C. § 3632(d)(4), he should have been released from incarceration on January 11, 2021.  He alleges in particular that the BOP should credit him for 335 days or 500 hours of Evidence-Based Recidivism Reduction ("EBRR") and other programming.  On March 22, 2021, Johnson filed a motion to supplement the record (dkt. #5), attaching documents showing that he had submitted a Regional Administrative Remedy Appeal and Central Office Administrative Remedy Appeal, with one response dated March 5, 2021, which did not

1

specify whether Johnson would receive the good time credit to which he believes he is entitled. (*See* dkt. #5-1.) This petition appears subject to dismissal for two reasons.

*First*, Johnson filed it prematurely. Before seeking habeas relief in federal court pursuant to 28 U.S.C. § 2241, an inmate is required to exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Johnson concedes he has not exhausted his administrative remedies (dkt. #2, at 2), and in his supplement he does not represent that he appealed the decision of the Regional Director to the Office of General Counsel. Instead, he argues that the exhaustion requirement should not apply to his petition because his claim involves a dispute of statutory construction, citing *Coleman v. United States Parole Commission*, 644 F. App'x 159, 162 (3d Cir. 2016). However, the Seventh Circuit has not recognized this exception to the exhaustion requirement, and instead this circuit only excuses the failure to exhaust administrative remedies if the inmate can show cause for the procedural default and prejudice. *See Sanchez v. Miller*, 792 F.2d 694, 697-98 (7th Cir. 2986). Johnson has not shown that he has been prevented from completing the exhaustion process before filing his petition, and the court sees no basis to excuse his failure to complete every step of his administrative appeal before filing his petition in this court.

*Second*, based on the court's review of the Federal Bureau of Prison's inmate locator, it appears Johnson was released from FCI-Oxford on April 30, 2021. *See* https://www.bop.gov/inmateloc (last visited May 21, 2021). Johnson has not updated the court about his status, so it is unclear whether he remains under the terms of supervised

release, or, more importantly, whether he still seeks to challenge the manner in which the BOP has calculated his good time credits. As such, it is possible that his petition is moot. *See Trobaugh v. Hastings*, 123 F. App'x 714 (7th Cir. 2005) ("Here, Trobaugh's completed sentence renders his claim about good-time credit moot; the amount of time he spent in prison cannot now be undone.") (citing *Spencer v. Kemna*, 523 U.S. 1, 8, 118 S. Ct. 978 (1998)).

Before dismissal, the court will give Johnson the opportunity to correct the court and explain whether he may be excused from the exhaustion requirement based on the standard in this Circuit as described above, and whether he believes he is entitled to relief under § 2241, which requires a showing that he is *currently* in custody in violation of the Constitution or the laws of the United States.

## ORDER

IT IS ORDERED that petitioner John G. Johnson has until **June 4, 2021**, to show cause as to why this petition is not moot, and why he is entitled to relief under § 2241. Failure to respond by that date will result in dismissal of this action.

Entered this 21st day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge